**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| ATEGRITY SPECIALITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SW 59TH AND S. AGNEW, LLC, LUILLER REYES and DOE DEFENDANTS 1 through 14,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ___________ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Ategrity Specialty Insurance Company ("Ategrity"), by and through its undersigned attorneys, brings this Complaint for Declaratory Judgment and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to Federal Rule 57 and 28 U.S.C. § 2201 relating to the parties' respective rights and obligations under a policy of liability insurance (the "Policy") that Ategrity issued to SW 59th and S. Agnew, LLC ("SW 59th").

2. SW 59th has demanded that Ategrity defend and/or indemnify it under the Policy with respect to an underlying injury lawsuit that Luiller Reyes ("Reyes") has filed against it with respect to an October 12, 2024 shooting incident (the "Shooting") that occurred at an event center that SW 59th owns and leases to a commercial tenant (the

"Underlying Suit"). (*See* Amended Petition, attached hereto as **Ex. 1**).

3. Ategrity anticipates that one or more of Doe Defendants 1 through 14 (collectively the "Doe Defendants") also may assert underlying injury claims against SW 59th with respect to the Shooting (the "Doe Claims").[1]

4. Ategrity further anticipates that SW 59th will demand that Ategrity defend and/or indemnify it under the Policy with respect to any Doe Claims.

5. Ategrity disputes that it has any obligation to defend or indemnify SW 59th in connection with the Sandoval Claim and any Doe Claims under the Policy.

## II. PARTIES, VENUE AND JURISDICTION

6. Ategrity is a Delaware corporation with its principal place of business in Scottsdale, Arizona.

7. Upon information and belief, SW 59th is an Oklahoma limited liability company with is principal place of business in Oklahoma City, Oklahoma.

8. Upon information and belief, Reyes is an Oklahoma citizen who reside in Oklahoma City, Oklahoma.

9. Upon information and belief, each of the Doe Defendants is and/or was an Oklahoma citizen who resides in Oklahoma, City, Oklahoma.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2), because SW 59th transacts substantial business in this District, Ategrity issued the Policy

[1] For purposes of this Complaint, the term "Doe Claims" includes the "Sandoval Claim" as defined below. Ategrity currently is unaware of the Doe Defendants' specific identities, including the identity of who represents the interests of Gerardo Sandoval, Jr. who was killed in the Shooting. If/when they assert or re-assert claims against SW 59th, SW 59th seeks coverage therefor, and their specific identities become known, Ategrity will amend this Complaint to add them as parties hereto.

to SW 59th in this District, the Policy covers SW 59th's operations in this District (subject to its terms and conditions), and the Underlying Suit is pending in Oklahoma County, Oklahoma.

11. In addition, venue is proper in this District pursuant to the Stipulation for Dismissal without Prejudice filed in the case captioned *Ategrity Specialty Ins. Co. v. SW 59th and Agnew, LLC, et al.*, Case No. 24-CV-1240 (W.D. Okla.) at CM/ECF Doc. No. 17 (the "Prior Coverage Suit").

12. Upon information and belief, this Court has personal jurisdiction over SW 59th, because its principal place of business is located in and it transacts substantial business in the State of Oklahoma.

13. Upon information and belief, this Court has personal jurisdiction over Reyes, because (upon information and belief) he resides in State of Oklahoma.

14. Upon information and belief, this Court has personal jurisdiction over the Doe Defendants, because (upon information and belief) each resides in the State of Oklahoma.

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Ategrity and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.

16. This Court has jurisdiction to issue a declaratory judgment pursuant to Federal Rule 57 and 28 U.S.C. § 2201.

17. An actual, immediate and justiciable controversy exists among the parties regarding the existence and scope of insurance coverage under the Policy with respect to

the Underlying Suit and any Doe Claims.

## III. THE POLICY

18. Ategrity issued the following liability insurance policy to SW 59th (*see* Policy, attached hereto as **Ex. 2**):

| **Policy Number** | **Policy Period** |
| --- | --- |
| 01-C-PK-P20113417-0 | July 12, 2024 to July 12, 2025 |

19. The Policy contains a $1,000,000 per occurrence limit and a $2,000,000 general aggregate limit. (*See* **Ex. 2** at p. 6).

20. The Policy's Declarations Page lists SW 59th's "Business Description" as "LRO – SHOPPING CENTER." (*See* **Ex. 2** at p. 4).

21. The Policy's Schedule of Locations lists several shopping centers (and corresponding parking lots) that SW 59th owns and leases to commercial tenants, including two shopping centers located on South Agnew Avenue in Oklahoma City, Oklahoma. (*See* **Ex. 2** at p. 7).

22. The Shooting took place at an event center (Patty's Event Center ("Patty's")) that is located in one of the shopping centers described in Paragraph 21 above (collectively the "Shopping Centers"). (*See* **Ex. 1**).

23. The Policy's Schedule of Locations classifies SW 59th's business at the Shopping Centers (and all other covered locations, including corresponding parking lots) in pertinent part as "lessor's risk only" and "LRO." (*See* **Ex. 2** at p. 10-11).

24. The Policy incorporates a Limitations of Coverage to Designated Premises, Project or Operation Endorsement that provides in pertinent part (*see* **Ex. 2** at p. 23):

**LIMITATIONS OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

| |
|---|
| **Premises:** See Schedule of Locations |
| **Project Or Operation:** LRO – SHOPPING CENTER |

* * *

25. The Policy incorporates a Classification Limitation Endorsement that provides (*see* **Ex. 2** at p. 27):

**CLASSIFICATION LIMITATION**

**This endorsement modifies insurance provide under the following:**

**ALL COVERAGE PARTS**

The coverage provided by this Policy applies only to those operations specified in the application(s) for insurance on file with the Company and described under the description of operations or classification on the Declarations of this Policy.

26. The Policy incorporates a Lessors Risk Only Endorsement (the "LRO Endorsement") that provides in pertinent part (*see* **Ex. 2** at p. 46):

**LESSORS RISK ONLY ENDORSEMENT**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

For any Lessor Risk only classifications on this policy, coverage is written and priced on the basis that your "tenant(s)' carry liability insurance to protect you as well as them:

Within the lease agreement between you and the "tenant(s)" there must be a

requirement that the "tenant(s) carry Commercial General Liability insurance that provides:

> **(a)** Limits greater than or equal to your limits on this policy, and
> **(b)** Names you as an Additional Insured on their policy, and
> **(c)** Agreed in writing to defend, indemnify and hold you harmless from all liability.

Parking Lot(s) or other land or premises owned by you and leased to "tenant(s)" must be included in such "tenant(s)" insurance.

Failure to comply with this/these term(s) and/or conditions shall render coverage under this policy null and void.

"Tenant(s)" is defined as Commercial tenant(s) only and does not apply to residential tenant(s).

## IV. THE LEASE BETWEEN SW 59TH AND THE PATTY'S TENANT

27. Upon information and belief, on or about October 18, 2019, SW 59th and the commercial lessee/tenant of Patty's (the "Patty's Tenant") entered into a Commercial Lease Agreement (the "Lease") pursuant to which (*inter alia*) the Patty's Tenant agreed to rent Patty's from SW 59th from December 1, 2019 to November 30, 2022. (*See* Lease, attached hereto as **Ex. 3**).

28. Upon information and belief, on or about December 1, 2022, SW 59th and the Patty's Tenant agreed to extend the term of the Lease to November 30, 2025. (*See* First Amendment to Lease, attached hereto as **Ex. 4**).

29. Upon information and belief, the Lease contains the following Indemnification and Insurance provisions (*see* **Ex. 3** at p. 2):

> 10. **Indemnification of Lessor.** Lessor shall not be liable for any damage or injury to Lessee, or any other person, or to any property, occurring on the demised premises or any part thereof and Lessee agrees to hold Lessor harmless from any claim for damages, no matter how caused.
>
> 11. **Insurance.** Lessee, at his expense, shall maintain plate glass and public

> liability insurance including bodily injury and property damage insuring Lessee and Lessor with minimum coverage as follows: *Five hundred thousand dollars ($500,000) aggregate and Two hundred thousand ($200,000) per occurrence.*
>
> Lessee shall provide Lessor with a Certificate of Insurance showing Lessor as additional insured. The Certificate shall provide for a ten-day written notice to Lessor in the event of cancellation or material change of coverage. To the maximum extent permitted by insurance policies which may be owned by Lessor or Lessee, Lessee and Lessor, for the benefit of each other, waive any and all rights of subrogation which might otherwise exist.

## V. THE SHOOTING, THE SANDOVAL CLAM, THE PRIOR COVERAGE SUIT AND THE UNDERLYING SUIT

30. Upon information and belief, the Patty's Tenant operates Patty's as an event center; on or about October 12, 2024, it hosted a Halloween party thereat.

31. Upon information and belief, during the course of the October 12, 2024 Halloween party at Patty's, a shooting took place during which Gerardo Sandoval, Jr. ("Sandoval") was killed and Plaintiff and other Doe Defendants sustained injuries.

32. Upon information and belief, on or about October 29, 2024, an attorney purporting to represent Sandoval's interests purported to assert a claim against SW 59th (and the Patty's Tenant) with respect to the Shooting (the "Sandoval Claim").

33. On November 11, 2024, SW 59th first notified Ategrity about the Shooting and the Sandoval Claim.

34. During the course of communicating with Ategrity about the Shooting and the Sandoval Claim, SW 59th advised Ategrity that the Patty's Tenant did not have liability insurance in place/in effect on the date of the Shooting.

35. Ategrity subsequently denied coverage for the Sandoval Claim, and on November 26, 2024, it filed the Prior Coverage Suit in which it sought a judicial declaration

that it owed no obligation to defend or indemnify SW 59th in connection with the Sandoval Claim (or any other claims deriving from the Shooting). (*See* Prior Coverage Suit at CM/ECF Doc. No. 1).

36. Sandoval did not pursue (and since, has not pursued) the Sandoval Claim, so in May of 2025, SW 59th withdrew its claim for coverage from Ategrity, and on May 15, 2025, the parties agreed to dismiss the Prior Coverage Suit without prejudice (subject to its refiling if any subsequent Shooting-related claims are asserted against SW 59th). (*See* Prior Coverage Suit at CM/ECF Doc. No. 17).

37. Upon information and belief, on or about July 13, 2026, Reyes filed an Amended Petition in the Lawsuit adding SW 59th as a Defendant thereto. (***See*** **Ex. 1).**

38. Reyes asserts causes of action for Nuisance, Premises Liability and Negligence against SW 59th. (*See id.*).

39. Upon information and belief, none of the Doe Defendants (including whomever represents Sandoval's interests) has asserted a Doe Claim against SW 59th, though Ategrity anticipates that one or more may do so in the near/foreseeable future.

40. Ategrity disputes that it has any obligation to defend and/or indemnify SW 59th under the Policy in connection with the Underlying Suit and any Doe Claims.

## V. CAUSES OF ACTION

### COUNT 1 – BREACHES OF THE LRO ENDORSEMENT'S CONDITIONS

41. Ategrity adopts and incorporates by reference (as if fully set forth herein) the allegations in Paragraphs 1 to 40 of this Complaint.

42. The LRO Endorsement specifies that coverage under the Policy "is written and priced on the basis that [SW 59th's] 'tenants' carry liability insurance to protect [SW 59th] as well as them, and thus, it mandates that all "lease agreements" that SW 59th enters into with commercial tenants must require that the tenant: (a) carry/maintain liability insurance that contains "limits greater than or equal" to the Policy's limits; (b) carry/maintain liability insurance that names SW 59th as an additional insured; and (c) agree in writing to "defend, indemnify and hold [SW 59th] harmless from all liability."

43. The LRO Endorsement further states that the "[f]ailure to comply with these term(s) and/or condition(s) shall render coverage under this policy null and void."

44. The Lease contravenes Condition (a) to LRO Endorsement, because the Lease does not require the Patty's Tenant to carry/maintain liability insurance with "limits greater than or equal to" the Policy's limits (*i.e.*, $1,000,000 per occurrence and $2,000,000 in the aggregate). Instead, the Lease merely obligates the Patty's Tenant to carry/maintain liability insurance that contains a $250,000 per occurrence limit and a $500,000 aggregate limit.

45. The Lease also contravenes Condition (c) to the LRO Endorsement, because the Lease does not require the Patty's Tenant to "defend, indemnify and hold [SW 59th] harmless from all liability." Instead, the Lease merely obligates the Patty's

Tenant to “hold [SW 59th] harmless” from liability.

46. Further, the LRO Endorsement has been breached in its entirety, because the Patty’s Tenant did not carry/maintain any liability insurance whatsoever on the date of the Shooting.

47. In light of the foregoing contraventions/breaches, the Policy does not provide coverage for the Underlying Suit or any Doe Claims.

48. Upon information and belief, one or more of the Defendants disputes that applicability of the defenses set forth in this Count.

49. There exists between Ategrity and the Defendants an actual, immediate and justiciable dispute regarding whether the Policy provides coverage for the Underlying Suit and any Doe Claims.

50. Ategrity therefore is entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations under the Policy. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, Ategrity respectfully prays that this Court:

A. Enter a declaratory judgment holding that, under the Policy, Ategrity is under no obligation to provide SW 59th with a defense and/or indemnity in connection with the Underlying Suit and any Doe Claims.

B. Awarding Ategrity its costs in this case; and

C. Awarding Ategrity such other and further relief as the Court deems just and equitable.

## <u>COUNT 2 – OTHER APPLICABLE COVERAGE DEFENSES</u>

51. Ategrity adopts and incorporates by reference (as if fully set forth herein) the allegations in Paragraphs 1 to 50 of this Complaint.

52. Ategrity is under no duty to provide SW 59th with defense and/or indemnity in connection with the Underlying Suit and any Doe Claims pursuant to the terms, conditions, provisions and exclusions of the Policy as follows:

a. Coverage is barred under the Policy to the extent SW 59th failed to meet and perform all conditions and obligations under the Policy, including but not limited to the notice and cooperation conditions.

b. Coverage is barred under the Policy by the doctrines of laches, unclean hands, waiver and/or estoppel.

c. Coverage is barred under the Policy to the extent the Underlying Suit and/or any Doe Claims do not rise to the level or a "suit" as required to implicate coverage.

d. Coverage is barred under the Policy to the extent the Underlying Suit and/or any Doe Claims seek relief in forms that do not constitute covered "damages" under the Policy, including but not limited to punitive damages and attorneys' fees.

e. Any obligations of Ategrity under the Policy are subject to any deductible contained in the Policy, and Ategrity reserves the right to require that all such deductibles be satisfied and exhausted.

f. Coverage is limited under the Policy, because the Policy contains various limitations on coverage, including without limitation: (i) per "occurrence" and aggregate limits of liability; (ii) voluntary payment provisions; and (iii) other insurance

provisions.

g. Coverage is barred under the Policy to the extent SW 59th has impaired Ategrity' right to recover all or part of any payment Ategrity makes under the Policy from any other party against which SW 59th has any right to recover.

h. Coverage is barred under the Policy to the extent SW 59th has failed to mitigate, minimize and/or avoid injury or damage.

i. Coverage is barred under the Policy to the extent SW 59th has failed to present Ategrity with sufficient facts to demonstrate that it is entitled to coverage.

j. Ategrity reserves the right to assert all defenses which may be pertinent to the Underlying Suit, any Doe Claims and/or SW 59th's claims for coverage once the precise nature of the claims is ascertained through further discovery and investigation.

53. Upon information and belief, one or more of the Defendants disputes that applicability of the defenses set forth in this Count.

54. There exists between Ategrity and the Defendants an actual, immediate and justiciable dispute regarding whether the Policy provides coverage for the Underlying Suit and any Doe Claims.

55. Ategrity therefore is entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations under the Ategrity Policy. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, Ategrity respectfully prays that this Court:

A. Enter a declaratory judgment holding that, under the Policy, Ategrity is under

no obligation to provide SW 59th with a defense and/or indemnity in connection with the Underlying Suit and any Doe Claims.

B. Awarding Ategrity its costs in this case; and

C. Awarding Ategrity such other and further relief as the Court deems just and equitable.

DATED: August 3, 2026 Respectfully submitted,

ATEGRITY SPECIALTY INSURANCE COMPANY

By: /s/ *Lincoln C. Hatfield*
One Of Its Attorneys

Lincoln C. Hatfield – State Bar # 32005
GORDON REES SCULLY MANSUKHANI, LLP
8211 East Regal Place – Suite 100
Tulsa, Oklahoma 74133
(539) 235-5520
lhatfield@grsm.com

Daniel E. Feinberg (*pro hac vice* pending)
GORDON REES SCULLY MANSUKHANI, LLP
1 North Wacker Drive, Suite 1600
Chicago, Illinois 60606
(312) 565-1400
dfeinberg@grsm.com